**Kenneth D. HILL, Plaintiff–Appellant,**

v.

**State of MICHIGAN and the Michigan Attorney General, Defendants– Appellees.**

**No. 02–2320.**

United States Court of Appeals, Sixth Circuit.

May 2, 2003.

Before MOORE and ROGERS, Circuit Judges; and KATZ, District Judge.*

*ORDER*

Kenneth D. Hill, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint construed to be filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In August 2002, Hill filed a rambling and extremely confusing complaint, in which he sued the State of Michigan and the Michigan Attorney General (Granholm). Hill appears to have claimed that the defendants violated his Third, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights by participating in a conspiracy with other state

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

agencies and municipalities to engage in criminal conduct and to obstruct justice. He alleged that the defendants engaged in such activities as "illegal payments," murders, the "fixing of court cases," and embezzlement. He also appears to have alleged that he was falsely imprisoned and that his family members were harassed because he attempted to expose the defendants' conduct. Hill did not specify whether he was seeking monetary or equitable relief. Upon review, the district court dismissed the complaint as frivolous. Hill filed a timely appeal, essentially reasserting his claims.

Upon review, we conclude that the district court properly dismissed Hill's complaint as frivolous. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint is frivolous where it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Hill's complaint is frivolous on its face. The Eleventh Amendment bars a suit brought in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *MacDonald v. Vill. of Northpoint, Mich.,* 164 F.3d 964, 970 (6th Cir. 1999). The Eleventh Amendment applies regardless of whether the suit seeks injunctive or monetary relief. *See Pennhurst,* 465 U.S. at 100–01. The state of Michigan has not consented to civil rights suits in the federal courts. *See Abick v. Michigan,* 803 F.2d 874, 877 (6th Cir.1986). Thus, Hill's claims against the State of Michigan were properly dismissed.

Moreover, Hill did not indicate in his complaint the capacity in which he sued the Michigan Attorney General. The course of the proceedings in this case also failed to clearly notify the defendants that Hill intended to seek a finding of individual liability. Where a § 1983 plaintiff fails to clearly notify a state official that he intends to seek individual liability, it is presumed that a state official is sued in her official capacity. *Moore v. City of Harriman,* 272 F.3d 769, 775 (6th Cir.2001) (en banc). A state official is not subject to suit for monetary damages in her official capacity. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Hence, Hill's claims against the Attorney General were properly dismissed to the extent that she was sued in her official capacity for monetary relief. To the extent that Hill sought equitable relief, the claims were still properly dismissed as frivolous. Hill's vague and conclusory allegations that the Attorney General participated in a conspiracy to engage in various criminal activities, unsupported by any material factual allegations, are not sufficient to state such a claim under § 1983. *See Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996); *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.